JOHN WALLACE AND ROBERT PEACHY

v.

JOSEPHINE M. BUCKINGHAM.

*Sales—Liability, Whether Joint or Several—Sufficiency of Evidence—
Instructions.*

This court declines, in view of the evidence, to interfere with the verdict
for the plaintiff in an action brought to recover the purchase price of cer-
tain stock sold and delivered.

[Opinion filed December 8, 1890.]

IN ERROR to the Circuit Court of Woodford County; the
Hon. N. W. GREEN, Judge, presiding.

Wallace v. Buckingham.

Messrs. EDWARDS & EVANS, for plaintiffs in error.

Messrs. BARNES & BARNES, for defendant in error.

C. B. SMITH, C. J.  This was *assumpsit* brought by defendant in error against plaintiff in error.  The declaration consisted of the common counts, with a statement of the account returned as filed with it.  The claim made was for the purchase price of twenty-five hogs, sold to defendant April 5th, and for fifty-three hogs sold June 8th, and for one car load of cattle sold June 28, 1888.  The defendants plead separately, each filing the general issue, and filing a separate special plea denying under oath any private liability with the other.  A trial was had before a jury resulting in a verdict for the plaintiff for $1,703.58, against both defendants.  The court overruled a motion for a new trial and gave judgment for the plaintiff on the verdict.  The plaintiff in error now brings this record before us and assigns various errors.

There is no doubt or question upon this record that one or the other, or both, of these defendants received the stock in question.  The only question is whether it was bought on the joint account of both defendants and whether they were therefore jointly liable.  We have studied the evidence attentively, and without attempting a review or discussion of it in detail (which would only involve us in useless labor and serve no useful purpose), we shall content ourselves by saying that we are entirely satisfied with the verdict of the jury in finding that the stock was bought for and on the joint account of both defendants from the plaintiff or her agent, and that they are therefore both liable.

It is also objected that the court erred in giving several of the instructions asked by the plaintiff below.  Thirteen instructions are given by the court for the plaintiff below, and plaintiffs in error insist that the court erred in giving the third, fifth, sixth, eighth, ninth, tenth and twelfth.  We have examined all these instructions carefully and do not think any of them open to the objections urged against them, but on the contrary we think they lay down the law correctly.

We can not undertake to discuss each of these instructions in detail without violating the law of brevity enjoined upon us by the statute. Seeing no error in this record the judgment is affirmed.

*Judgment affirmed.*